Bay, J.
In this case, I am very clearly of opinion that the replication is a departure in pleading from the matter contained in the declaration, which in law is a good cause of demurrer. (Coke Litt. 303. b. 5 Comyn, 433.) A departure is fatal on a general demurrer. 5 Comyn, Tit. Pleading,, 436.
In this case the declaration is on a contract of sale, and the assumpsit is for goods, wares and merchandizes, sold and delivered. The replication so far from supporting the count or declaration, suggests a fraud on the part of Mayson, deceased, and alleges-that the goods were obtained by false promises, which were never, performed. The one states a fair contract of sale; the other alleges fraud and circumvention in getting possession of the goods.
If this had been an action of deceit, in obtaining goods upon false suggestions, the replication might have been consistent with the declaration; they might have stood together; but as they now appear on paper, they are in my opinion incompatible.
But further, it appears from the defendant’s own shewing,that the demand of the present plaintiff could not have been set off against Mr. Rutledges debt, even if he, Allen, had been guilty of no laches in *443 Ms life time, but had offered it, by way of discount, against Mr. Rutledge’s bond. It would have been totally inadmissible, inasmuch as the demands were ■ totally independent of each other. Articles sold and delivered to Mayson, could not have been set off against a bond, due and payable to Mr. Rutledge. The defendant, therefore, had himself to blame, in his life time, in not making his demand against Mayson, and his representative afterwards, in due time. I think, therefore, that the judgment ought to stand.
Justices Brevard, Colcock, Smith, and Nott concurred.